This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.                          **NO. 29,090**

**WILLIAM PERKINS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals his jury convictions for aggravated driving under the influence of intoxicating liquor, driving on roadways laned for traffic (weaving), and

vehicle entering highway from private road or driveway (unsafe entry). Defendant raises three issues: (1) ineffective assistance of counsel, (2) reversible error in the admission of evidence, and (3) cumulative error. We affirm the district court.

**BACKGROUND**

The convictions arose out of an incident that occurred on February 23, 2008, when Defendant attracted the notice of an off-duty officer by driving erratically while pulling out of the parking lot of a bar. After stopping Defendant, the officer observed, among other things, that a strong odor of alcohol was coming from Defendant's vehicle and from his person, that he spoke with a thick tongue, and that his vehicle contained an open container of alcohol. Defendant admitted to drinking a beer immediately before driving, and the officer used a "non-certified" field breath test to determine the presence of alcohol in his breath. When the implied consent card was read to Defendant, he chanted "la la la la la, I can[not] hear you, la la la la la." Defendant was uncooperative, was placed under arrest, and continued to make inflammatory remarks in the officer's vehicle.

Defendant was charged with aggravated driving under the influence of intoxicating liquor, contrary to NMSA 1978, § 66-8-102(A), (D)(3) (2004) (amended 2010); driving on roadways laned for traffic (weaving), contrary to NMSA 1978, § 66-7-317 (1978); and vehicle entering highway from private road or driveway

(unsafe entry), contrary to NMSA 1978, § 66-7-331 (1978). At trial, the State presented the testimony of one witness, the officer who arrested Defendant, and Defendant did not present any witness in his defense. The jury found Defendant guilty of all three charges. In accordance with the jury's verdicts, the district court imposed a sentence of 364 days, thirty of which were to be served in the county jail and the remainder under house arrest, with various other terms and conditions. Defendant filed a timely notice of appeal.

**DISCUSSION**

On appeal, Defendant argues that his counsel was ineffective and that the cumulative effect of counsel's errors was so prejudicial that it deprived Defendant of his fundamental right to a fair trial. Defendant also argues that the district court erred in admitting evidence that he had been drinking. Finally, Defendant argues that his conviction should be reversed on the basis of cumulative error. We address each of these issues below.

**Ineffective Assistance of Counsel**

Defendant argues that the record demonstrates a prima facie case of ineffective assistance of counsel, requiring that the case be remanded for a hearing to determine whether he is entitled to a reversal of his convictions. We review claims of ineffective assistance of counsel de novo. *State v. Boergadine*, 2005-NMCA-028, ¶ 33, 137 N.M.

92, 107 P.3d 532. "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) [the] counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted).

To show deficiency, Defendant must overcome the presumption that counsel's conduct was within "the wide range of reasonable professional assistance." *State v. Dylan J.*, 2009-NMCA-027, ¶ 37, 145 N.M. 719, 204 P.3d 44 (internal quotation marks and citation omitted). If we "can conceive of a reasonable trial tactic which would explain the counsel's performance," we should not find ineffective assistance. *Id.* ¶ 39 (internal quotation marks and citation omitted).

A defendant must also affirmatively prove prejudice. *State v. Dietrich*, 2009-NMCA-031, ¶ 84, 145 N.M. 733, 204 P.3d 748, *cert. denied*, 2009-NMCERT-002, 145 N.M. 704, 204 P.3d 29. "[M]ere evidentiary prejudice is not enough. Counsel's deficient performance must represent so serious a failure of the adversarial process that it undermines judicial confidence in the accuracy and reliability of the outcome." *State v. Roybal*, 2002-NMSC-027, ¶ 25, 132 N.M. 657, 54 P.3d 61.

If a prima facie showing of ineffective assistance is made, the Court may remand the case for an evidentiary hearing if unusual circumstances exist. *Dylan J.*, 2009-NMCA-027, ¶ 41. However, the general preference is to defer adjudication of the claim to a habeas corpus proceeding under Rule 5-802 NMRA. *Dylan J.*, 2009-NMCA-027, ¶ 41.

Defendant claims that (1) counsel's performance during voir dire was inadequate, (2) counsel failed to investigate the audio recording of the arrest, (3) counsel failed to object to improper argument by the prosecutor, and (4) there were numerous other instances where counsel provided ineffective assistance.

Defendant first argues that counsel failed to properly examine or move to strike for cause potential jurors who knew the prosecutor, who had been injured by a drunk driver, who had driven after drinking, or who had been charged with driving under the influence. We are not persuaded.

Many of the questions regarding the prospective jurors' backgrounds and possible sources of bias were covered in the prosecutor's questions, and defense counsel was not required to go over the same ground a second time. In addition, it is not a sign of ineffectiveness, as Defendant contends, that counsel chose not to challenge several of the jurors who knew the prosecutor or indicated they knew someone who had been injured by a drunk driver. The prospective jurors stated that

they would lay aside their prior experience and judge the evidence fairly and without bias. *See State v. Pace*, 80 N.M. 364, 367, 456 P.2d 197, 200 (1969) (holding that a venire member can qualify as a juror if he or she can assert that he or she will lay aside personal opinions and reach a decision based solely on the law and evidence presented at trial). Instead of making challenges for cause, defense counsel used peremptory strikes to exclude several prospective jurors from the jury, including one who claimed to be "pro law enforcement," two who were professionally acquainted with the prosecutor, and one who knew someone who had been killed or injured by a drunk driver. By striking these jurors, counsel demonstrated an ability to remove jurors that he believed would be biased against Defendant.

In addition, Defendant has failed to demonstrate prejudice as a result of counsel's performance. Defendant has not established that there is "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Roybal*, 2002-NMSC-027, ¶ 25 (internal quotation marks and citation omitted). Defendant has failed to demonstrate that any of the prospective jurors he objected to was unfair or partial in his or her jury service. *See State v. Baca*, 99 N.M. 754, 755-56, 664 P.2d 360, 361-62 (1983) (holding that the "presence and participation on the jury" of a juror or jury foreperson whose outlook might be

6

affected by a prior relationship or experience does not automatically demonstrate bias or partiality).

Defendant next argues that counsel was ineffective in not conducting discovery of the audio recording of the traffic stop leading up to his arrest. Because the batteries for the officer's belt microphone were dead on the night of the incident and because the officer could not recover the back-up digital audio file from his dash-camera video recording of the incident, Defendant was unable to use the audio recording of the arrest as evidence. Defendant argues that counsel was ineffective for failing to discover, prior to trial, that the State's evidence was defective, and for failing to seek an effective remedy for the lost evidence. The record indicates that the arresting officer believed until the morning of the trial that the video recording contained a functioning audio track and that he could retrieve a back-up audio file from his laptop computer. During an afternoon break, the officer checked his laptop for the audio file and realized that it no longer contained the file for the incident.

We conclude that Defendant has failed to establish substandard performance by counsel regarding discovery of the audio recording or resulting prejudice. Counsel moved to dismiss the charges against Defendant on the basis that the audio recording might have been exculpatory and the State lost it. Although the district court denied the motion, it permitted defense counsel to argue the relevance of the lost recording,

7

which he did during the closing argument. The remedies sought by counsel were appropriate methods of addressing the lost evidence, and Defendant does not challenge the district court's denial of his motion to dismiss.

Both the State and defense should have been aware of this problem with the audio recording prior to trial. However, Defendant made no offer of proof as to what he believed the audio recording might reveal, and other defects were cured as mentioned above.

Even if counsel was ineffective in conducting discovery of the audio recording, Defendant has failed to show resulting prejudice. Defendant took advantage of the remedy offered by the district court whereby the State fully disclosed the loss, counsel cross-examined the arresting officer regarding the circumstances of the loss, and counsel argued in closing the relevance of the missing evidence. *State v. Hill*, 2008-NMCA-117, ¶ 12, 144 N.M. 775, 192 P.3d 770 (providing two remedies for the state's deprivation of evidence, including "the admission with full disclosure of the loss and its relevance and import" (internal quotation marks and citation omitted)), *cert. quashed*, 2009-NMCERT-009, 147 N.M. 423, 224 P.3d 650.

Defendant next argues that counsel was ineffective in failing to object to the prosecutor's closing argument. Specifically, he contends that the prosecutor used an inflammatory line of argument when he recited Defendant's statements directed

toward the arresting officer during the incident. Defendant contends counsel should have also objected to the prosecutor's comment that Defendant's behavior was "childish" and indicated that he was under the influence of alcohol. We conclude that counsel may have decided to refrain from objecting as a matter of tactics because such an objection could properly have been overruled. The prosecutor's closing argument was directly related to the claim of driving while intoxicated and was based upon evidence presented at trial "and the fair and reasonable inferences to be drawn therefrom." *State v. Duffy*, 1998-NMSC-014, ¶ 56, 126 N.M. 132, 967 P.2d 807 (internal quotation marks and citation omitted), *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828.

Finally, Defendant contends that the cumulative effect of counsel's failings amounted to ineffective assistance. These other alleged failings include counsel's admitting that he was not as experienced as the prosecutor, forgetting the name of his client during his opening statement, improperly attempting to impeach the arresting officer with a training manual, improperly encouraging the jury to conduct its own experiments, concluding his argument by referring to his client as "Mr. Guil-," and apologizing for the fact that the case wasn't very interesting.

We are not persuaded. It appears that counsel was an active participant at the trial and acted vigorously on Defendant's behalf. *See Dietrich*, 2009-NMCA-031,

¶¶ 82-83. Defendant cross-examined the State's witness for over thirty minutes and was able to elicit concessions from him. Specifically, consistent with the defense theory that Defendant did not refuse to take a breath test, counsel persuaded the arresting officer to concede that he could not say whether Defendant heard the reading of the implied consent card and that he asked Defendant to take a breath test only once. Although the jury apparently was not persuaded by this theory, counsel nonetheless "subject[ed] the prosecution's case to meaningful adversarial testing." *Id.* (internal quotation marks and citation omitted).

Defendant has failed to show that any of counsel's failings or their cumulative effect establish a prima facie case of ineffective assistance of counsel, much less that Defendant was prejudiced. Defendant, therefore, is not entitled to an evidentiary hearing to further demonstrate prejudice. He is not precluded from filing a petition for habeas corpus.

**Error in the Admission of Evidence**

Defendant argues that the district court erred in allowing the arresting officer to testify that an SD-5 field test, a portable breath alcohol testing device, indicated the presence of alcohol because the State presented no testimony that the test was scientifically reliable and valid. In the absence of scientific testimony, the district court allowed the State to use the SD-5 field test to show that alcohol was present in

10

Defendant's body, but did not allow the specific BAC number produced by the instrument into evidence. "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino,* 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

The State argues that it is unclear whether Defendant's argument was preserved. There appears to have been a hearing held off the record regarding the admissibility of the evidence, and based on the fact that the district court did not allow the specific BAC number into evidence, we conclude that counsel is likely to have made some objection regarding the lack of foundational evidence as to the SD-5 test's scientific reliability. It therefore appears that Defendant has generally preserved the claim such that we will address it.

In *State v. Morales*, this Court held "that the [s]tate must prove the scientific reliability of a drug field test in a manner consistent with the *Daubert/Alberico* standard, if it wishes to use the results of that test at trial to identify a controlled substance." 2002-NMCA-052, ¶ 1, 132 N.M. 146, 45 P.3d 406. Furthermore, "testimony by a law enforcement officer will not, without more, be sufficient to support admission of the results, when the officer cannot explain the scientific principles that the test uses." *Id.* ¶ 23. Pursuant to NMSA 1978, § 66-8-107(B) (1993), breath tests must be approved by the scientific laboratory division (SLD), and

7.33.2.7(G) NMAC (4-30-2010) requires that all breath alcohol instruments be "approved and individually certified" by the SLD. The SD-5 instrument is not certified, and the record does not indicate that the State made a foundational showing to support the officer's testimony.

Because the State failed to prove the scientific reliability of the test or lay the proper foundation for the admission of the evidence, we hold that the field test results were improperly admitted into evidence. However, that error was harmless. *See State v. Barr*, 2009-NMSC-024, ¶ 47, 146 N.M. 301, 210 P.3d 198 (explaining that evidence admitted in violation of evidentiary rules is grounds for a new trial only when the error is not harmless). In making this determination, we consider three factors: "(1) whether there is substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) whether there is such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence appears so minuscule that it could not have contributed to the conviction; and (3) whether there is substantial conflicting evidence to discredit the [s]tate's testimony." *Morales*, 2002-NMCA-052, ¶ 24. Finally, a "non-constitutional error is reversible only if the reviewing court is able to say, in the context of the specific evidence presented at trial, that it is reasonably probable that the jury's verdict would have been different but for the error." *Barr*, 2009-NMSC-024, ¶ 54. W    e

conclude that the error here was harmless because the improperly admitted testimony did nothing more than reiterate the uncontroverted fact that there was an unspecified amount of alcohol in Defendant's body. *See State v. Casillas*, 2009-NMCA-034, ¶¶ 44-45, 145 N.M. 783, 205 P.3d 830, *cert. denied*, 2009-NMCERT-003, 146 N.M. 603, 213 P.3d 507 (finding the improper admission of evidence of cash register shortages at the defendant's place of employment harmless because the defendant had already admitted the fact of the shortages). The arresting officer testified to Defendant's admission to drinking a beer immediately before driving his vehicle, and both attorneys acknowledged that fact in closing arguments. Because there was uncontradicted evidence that Defendant had consumed alcohol prior to the stop, it is not reasonably probable that the jury's verdict would have been different but for the improper admission of the SD-5 evidence. *See Casillas*, 2009-NMCA-034, ¶ 46.

**Cumulative Error**

Defendant's final argument is that his conviction should be reversed on the basis of cumulative error. "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *Duffy*, 1998-NMSC-014, ¶ 29.

13

Because we conclude that Defendant's trial counsel's defense was not inadequate, the only error that can be cumulated is the admission of the breath test results. Having already held this error to be harmless, we hold that Defendant was not deprived of a fair trial under the doctrine of cumulative error.

**CONCLUSION**

For the reasons stated above, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**

14